No. 3621

Second Circuit

JOHNSON v. HUNT & WHITAKER
ET AL.

(December 31, 1929. Opinion and Decree.)
(March 24, 1930. Rehearing Refused.)

O. A. Easterling and Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintiffs, appellees.

J. B. Dawkins, of Monroe, attorney for defendant, appellant.

REYNOLDS, J. Mrs. Velma Johnson alleged that she was the owner of a certain described diamond ring and intrusted it to her husband for safekeeping, and that he pawned it to Hunt & Whitaker as security for a loan of $210 and received from them in evidence of the transaction a pawn ticket in his name numbered 25083, and that without her knowledge or consent and without consideration he had indorsed and transferred the pawn ticket to Mrs. Irene Saunders under her promise that she would return it to him on demand, and that she had demanded of Mrs. Saunders the return of the pawn ticket and of Hunt & Whitaker the return of the ring, and that both Mrs. Saunders and Hunt & Whitaker had refused to comply with the demand. She further alleged that she had deposited in the registry of the court $210, and prayed to be adjudged owner of the ring, and that Hunt & Whitaker be ordered to deliver it to her on payment of $210 and that Mrs. Saunders be ordered to deliver the pawn ticket to her.

Hunt & Whitaker admitted the pawn of the ring and the issuance of the pawn

ticket, and alleged that E. J. Johnson had indorsed the pawn ticket and delivered it to Mrs. Saunders and instructed them to deliver the ring to her on payment of the pledge debt and return of the pawn ticket; that Mrs. Saunders had presented the pawn ticket to them and demanded to be permitted to redeem the pledge, but that they had refused to permit her to do so, for the reason that Mrs. Velma Johnson had set up a claim of title to the ring; and that they were ready and willing to surrender the ring to whoever might be adjudged owner of it on payment of the pledge debt.

They further alleged that Mrs. Saunders, supposing herself to be the owner of the ring, subject to the pledge debt, had paid them $60 on the debt, and that, should she be adjudged owner of the ring, there will be a balance of $150 owing on the pledge debt, and they will deliver the ring to her on payment of that amount; but that, should Mrs. Velma Johnson be adjudged owner of it, there will be owing on the pledge debt $210, and they will deliver the ring to her on payment of that sum.

Mrs. Saunders admitted receiving the pawn ticket from E. J. Johnson, but denied that the transfer was without consideration or under an agreement to return it on demand, and alleged that she purchased it for $210 and paid $60 of the amount and owes Hunt & Whitaker the balance of $150.

On these issues the case was tried, and Mrs. Johnson was adjudged owner of the ring, and Hunt & Whitaker ordered to surrender it to her on payment of the $210. All costs were taxed against Mrs. Saunders.

From this judgment Mrs. Saunders appealed.

## OPINION

It was established beyond doubt by the testimony of Mrs. Velma Johnson and her husband, E. J. Johnson, that the ring was the separate property of Mrs. Johnson, acquired by her from him before their marriage, as a gift. Their testimony on the point is not disputed. She testified she gave him the ring for safekeeping, and he that she gave it to him to use as security for a loan for their family purposes. The view we take of the case renders it unnecessary to determine which is the fact.

Mrs. Saunders testified that plaintiff's husband told her about the pawning of the ring, and that he said he would not be able to redeem it, and that if she cared to redeem it he would give her the pawn ticket, and that she accepted the offer, and that he had indorsed and delivered the pawn ticket to her, and that she had paid to Hunt & Whitaker $60 on account of the pledge debt. Mrs. Saunders was not aware at the time that plaintiff's husband was not the owner of the ring. The parties to the transfer appear to have acted in perfect good faith, but, the ring being the property of Mrs. Johnson, the transfer was voidable, because:

"The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person." Civil Code, article 2452.

Mrs. Saunders contends that the pawn ticket was a negotiable instrument, and that she acquired it for value, before maturity, and in ignorance of any fact which might put her on notice of plaintiff's claim, and that therefore the title to the ring passed to her along with the transfer of the pawn ticket; and she cites section 2485 of the Revised Statutes.

We do not find in the record the pawn ticket nor any copy of it, although it appears to have been introduced in evidence, and therefore are unable to say whether on its face it is or is not a negotiable instrument.

Neither Mrs. Johnson nor Hunt & Whitaker appealed from the judgment, and therefore it cannot be altered in favor of either of them. ♦

Hunt & Whitaker, in their answer, alleged that Mrs. Saunders had paid them $60 on account of the pledge debt, and that, should this court "hold that said ring belongs to Mrs. Velma Johnson, * * * your respondent should be ordered to deliver and return the sixty dollars to the said Irene Saunders and ordered to deliver the said ring to the said Mrs. Velma Johnson upon the payment by her to your respondent of the two hundred and ten dollars, amount due herein."

The judgment of the district court ordered "that Hunt & Whitaker be and they are hereby commanded, ordered and directed to deliver to the said Mrs. Velma Johnson, the above described ring, upon the payment by Mrs. Johnson to them of the sum of two hundred and ten dollars."

We think the judgment should also have ordered Hunt & Whitaker to pay over to Mrs. Saunders $60, as they themselves, in the extract copied from their answer, suggested.

Mrs. Saunders did not pay the amount to Hunt & Whitaker for the benefit of E. J. Johnson, but for her own account, under the assumption that she had acquired title to the pledge and had assumed to pay the pledge debt. They received it from her for her own account, supposing her to have acquired ownership of the pledge and to have assumed payment of the pledge debt. Both she and they acted in error. Therefore, she is entitled to receive back from them and they should pay to her the $60.

"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." Civil Code, art. 2301.

"He who has paid through mistake, believing himself a debtor, may reclaim what he has paid." Civil Code, art. 2302.

"A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released." Civil Code, art. 2304.

"That which has been paid in virtue of a void title is also considered as not due." Civil Code, art. 2305.

It is therefore ordered, adjudged and decreed that the judgment appealed from be recast so as to read, as follows, to-wit:

"It is therefore ordered, adjudged and decreed that there be judgment herein in favor of Mrs. Velma Johnson, recognizing and declaring her to be the owner and entitled to the possession of that certain diamond ring set with two diamonds and a blue sapphire between the diamonds, said ring being old gold and engraved with orange blossoms, and which said ring is now in the possession of Hunt & Whitaker, upon the payment by her to them of the sum of two hundred and ten dollars.

"It is further ordered, adjudged and decreed that Hunt & Whitaker deliver to the said Mrs. Velma Johnson the above described ring upon the payment by her to them of the sum of two hundred and ten dollars.

"It is further ordered, adjudged and decreed that Mrs. Irene Saunders do have and recover judgment against Hunt & Whitaker in the sum of sixty dollars with legal interest thereon from the date of this judgment.

"It is further ordered, adjudged and decreed that Mrs. Irene Saunders pay all costs except the cost of this appeal, which shall be paid by appellees."